UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry G. Gilpin,

Petitioner,

v.

Hoyt A. Brill and
Jon E. Litscher,

Respondents.

Civil 00-394 DSD/FLN

**REPORT & RECOMMENDATION AND ORDER**

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. Respondent Litscher has filed a motion to dismiss the writ. The matter was referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

Petitioner pled guilty in the state of Wisconsin for a controlled substance violation and is serving a four year sentence. He recently was transferred to the Prairie Correctional Facility in Appleton, Minnesota. He contends that this transfer was made without appropriate due process and that he cannot be held in Minnesota because he has not violated any Minnesota laws. He is not challenging any underlying Wisconsin state court proceedings that resulted in his sentence nor is he challenging the duration of his confinement. Instead, he is challenging a condition of his confinement, specifically, that he is being confined in the state of Minnesota in violation of his constitutional rights.

Petitions for habeas corpus relief are available for prisoners who allege they are in custody pursuant to a state court judgment and the judgment or related proceedings somehow

FILED 5-18-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

violated the prisoner's constitutional rights. See 28 U.S.C. § 2254(a) and (d). The relief they typically seek is release or change in the duration of their confinement. When a prisoner is challenging a condition of confinement, his avenue for relief is a 42 U.S.C. § 1983 civil rights compliant. "Claims challenging the conditions of confinement or the method by which a sentence is being carried out may be asserted through a § 1983 cause of action. However, a state prisoner challenging the fact or duration of a sentence of imprisonment and seeking immediate or speedier release has a federal remedy through habeas corpus and cannot bring a claim under § 1983." Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir. 1997) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Otey v. Hopkins, 5 F.3d 1125, 1131 (8th Cir.1993), cert. denied, 512 U.S. 1246 (1994)).

For these reasons, and based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Gilpin's Petition for Habeas Corpus Relief [#1] be **DENIED**, Jon Litscher's Motion to dismiss [#9] be **GRANTED**, and the entire case be DISMISSED. If he chooses, Gilpin may file a § 1983 complaint challenging his transfer to Minnesota as a condition of his confinement.

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the following outstanding motions are **DENIED as moot**:

1. Larry Gilpin's Motion to Strike all Pleadings from Attorney Oeser and to Dismiss Jon Litscher as Correspondent [#16];

2. Larry Gilpin's Motion to Dismiss Litscher's Motion to Dismiss Petitioner's Petition [#17].

DATED: May 16, 2000.

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties within ten days of service of this Report and Recommendation written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.